UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J & J PRODUCTIONS, INC.,

        Plaintiffs,

                      Case No.: 17-11300

v.                         Honorable Gershwin A. Drain

STRANGE CLOUDS HOOKAH
LOUNGE, INC., *et al.*,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [#12] AND CANCELING HEARING

**I. INTRODUCTION**

Plaintiff, J & J Sports Productions, Inc., filed the instant lawsuit on April 25, 2017 alleging that Defendants, Strange Clouds Hookah Lounge and Michael Kassab, have violated the Communications Act of 1934, as amended, 47 U.S.C. § 605 *et seq.* and the Cable and Television Consumer Protection and Competition Act of 1992, as amended 47 U.S.C. § 553 *et seq.,* for illegally broadcasting a boxing match on May 3, 2014. Defendants have failed to appear and otherwise defend the instant action.

Presently before the Court is the Plaintiff's Motion for Default Judgment, filed on December 11, 2017. Plaintiff seeks $110,000.00 in statutory damages, as

well as reasonable attorney fees and costs. For the reasons that follow, the Court will enter a default judgment in the amount of $5,441.86.

## II. FACTUAL BACKGROUND

Plaintiff alleges that, pursuant to contract, it has the exclusive nationwide television distribution rights to the Floyd Mayweather, Jr. v. Marcos Reina Maidana WBC Welterweight Championship Fight Program (hereinafter the "Program") broadcast on May 3, 2014. Plaintiff entered into several sublicensing agreements with various commercial entities granting said entities limited rights to publicly exhibit the Program to the patrons of their respective establishments. The Program originated via a satellite uplink and was subsequently retransmitted to cable systems and satellite companies via satellite signal.

Plaintiff further asserts that Defendants had full knowledge that the Program was not to be intercepted; however they intercepted and displayed the Program to the patrons of Defendant Strange Clouds Hookah Lounge. The cost of the Program if the Defendants had legally purchased the rights to display it totals $3,000.00.

On August 7, 2017, Plaintiff served Defendants with the Summons and copy of the Complaint in this matter. Defendants have failed to file an Answer to the Complaint or otherwise defend this action. On November 4, 2017, Plaintiff

requested that the clerk enter a default against Michael Kassab and Strange Clouds Hookah Lounge, Inc. and the clerk entered a default against these Defendants on November 6, 2017.

## III. LAW & ANALYSIS

### A. Standard of Review for Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure permit the entry of judgment by default against a defendant who has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55(b). To obtain judgment by default, the plaintiff must first request a default from the clerk pursuant to Rule 55(a). *Shepard Claims Servs., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). "[E]ntry of a default against a defendant establishes the defendant's liability." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007) (citing *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 693 (1st Cir. 1993)). "There is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [ ] claims must be considered established as a matter of law." *Id.*

However, a clerk's entry of default "on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Kelley v.*

*Carr*, 567 F.Supp. 831, 841 (W.D. Mich. 1983)). "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine*, 66 F.3d at 110.

### B. Violations of 47 U.S.C. § 553 and § 605

Plaintiff's Complaint, Motion and Exhibits demonstrate that Defendants have violated § 553 and § 605. The Cable and Television Consumer Protection and Competition Act of 1992 prohibits intercepting, receiving or assisting in the interception or receipt of communications services offered over a cable system, unless authorized to do so by a cable operator. *See* 47 U.S.C. § 553(a)(1). The Communication Act of 1934 applies to satellite transmissions and prohibits receiving, transmitting, or assisting in the transmission of any communication by wire or radio and from divulging or publishing said communication. *See* 47 U.S.C. § 605(a); *see J & J Prods., Inc. v. Matti*, No. 14-12981, 2015 U.S. Dist. LEXIS 25588, *6 (E.D. Mich. Jan. 12, 2015)).

Plaintiff alleges in the Complaint that (1) Defendants could have but did not purchase the rights to display the Program by contracting with Plaintiff or an authorized distributor such as DirecTV; (2) Defendant Kassab is the owner and person with control over Strange Clouds Hookah Lounge; (3) the commercial rate charged to a business with seating of 101-150 is $3,000.00; (4) Plaintiff's auditor, Richard Papcun, visited Strange Clouds Hookah Lounge on May 3, 2014 without

paying a cover charge and observed that between 37 and 42 patrons were at the lounge, which had fourteen televisions displaying the Program.

When a defendant is liable under both § 553 and § 605, a plaintiff may recover under only one section. *See J & J Sports Prods. v. B O B Lounge*, No. 17-11350, 2018 U.S. Dist. LEXIS 2085, *10 (E.D. Mich. Jan. 5, 2018). Here, Plaintiff has elected to an award of damages under § 605, which permits an "aggrieved party" to choose between actual or statutory damages. *See* 47 U.S.C. § 605(e)(3)(C)(i). Plaintiff specifically seeks enhanced statutory damages pursuant to § 605.

Under 47 U.S.C. § 605(e)(3)(C) (i)(II), the Court may award damages for each violation "in a sum not less than $1,000 or more than $10,000, as the court considers just . . . ." This section also allows the Court, "in its discretion," to "increase the award of damages . . . by an amount of not more than $100,000" if it concludes "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

In determining the appropriate damages award, the Court "should take into account the proportionality between the loss suffered by the plaintiff and the profit gained by the defendant." *See B O B Lounge*, 2018 U.S. Dist. LEXIS 2085, at *12 (citing *Joe Hand Promotions, Inc. v. Granada Lounge, Inc.*, No. 11-13062, 2012

U.S. Dist. LEXIS 17718, *2 (E.D. Mich. Feb. 13, 2012). Courts in this district consider certain facts relevant to this determination. *See J & J Sports Prods., Inc. v. Trier,* No. 08-cv-11159, 2009 U.S. Dist. LEXIS 6415, *3 (E.D. Mich. Jan. 29, 2009). Specifically, the facts this Court should consider include the number of patrons in the establishment at the time the violation occurred, the seating capacity, the various rates, including the residential rate, charged by the plaintiff for the viewing of the broadcast, and whether a cover was charged to enter the establishment or whether it was likely the establishment obtained significant profits in another manner. *Id.*

In the present case, there was no cover charge to enter the establishment, there were between 37 and 42 patrons in the establishment during the display of the Program, and Plaintiff's commercial rate for an establishment with a capacity of 100 to 150 is $3,000.00. Here, the Court finds that an appropriate base amount is $3,000, or the amount Defendants would have had to pay Plaintiff for the legal right to display the Program to patrons of Strange Clouds Hookah Lounge.

This award is appropriate since there is no evidence that Defendants have committed more than this single violation of the Act and there was no cover charge at the door. Also, the establishment was nowhere near its capacity with no more than 42 patrons at the time of the Program. *See J & J Sports Prods., Inc. v. Ribeiro*, 562 F. Supp.2d 498, 501 (S.D.N.Y. 2008) (noting that "although the amount of

damages should be an adequate deterrent, a single violation is not so serious as to warrant putting the restaurant out of business.").

The Court declines to award enhanced damages because willfulness has not been established. In order to impose enhanced damages, the Court must find that the violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain . . . ." 47 U.S.C. § 605(e)(3)(C)(i)(ii). Under the Act, a violation is "willful" where there are repeated violations over time. *See Joe Hand Promotions, Inc. v. Easterling*, No. 4:08-cv-12529, 2009 U.S. Dist. LEXIS 52517, *16-19 (N.D. Ohio Jun. 22, 2009)("[E]vidence of willful exhibition for financial gain [is] insufficient when there was no showing that a cover was charged, that the program was advertised or that food or drink prices were increased, and that establishments were not filled to capacity.")

In the instant matter, there was no cover charge to enter Strange Clouds Hookah Lounge, which was nowhere near capacity, nor is there evidence that the fight was advertised or that food and drink prices were increased. As such, the Court finds that Defendants did not willfully violate § 605. Plaintiff's request for enhanced damages is unwarranted. Thus, Plaintiff's statutory damages are $3,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court is required to award full costs,

including reasonable attorney's fees to the prevailing party. Plaintiff has submitted an affidavit representing that it has incurred $1,911.00 in attorney fees and $530.86 in costs prosecuting the instant matter. Plaintiff's hourly billing rate is $245.00 per hour. He presents the State Bar of Michigan's 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report in support of his contention that his hourly rate is reasonable. The Court concludes that counsel's hourly rate is reasonable because the median billing rate for an attorney in private practice in Oakland County, Michigan is $250.00. Thus, the Court will award attorney fees and costs in the amount of $2,441.86 and statutory damages in the amount $3,000.00 for a total award of $5,441.86.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, the Court GRANTS Plaintiff's Motion for Default Judgment [#12] and awards damages in the amount of $5,441.86.

SO ORDERED.

Dated: February 8, 2018                            /s/Gershwin A. Drain
                                                   GERSHWIN A. DRAIN
                                                   United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Michael Kassab at 48475 Red Oak Drive, Shelby Township, MI, 48315, on February 8, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk